# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK A. KLEPPER,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. C 06-4079-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

       This action for judicial review of an administrative decision of the Commissioner of Social Security denying the plaintiff's application for Title XVI supplemental security income benefits and Title II disability insurance benefits comes before the court pursuant to the August 22, 2007, Report and Recommendation (docket no. 13) by Chief United States Magistrate Judge Paul A. Zoss. In that Report and Recommendation, Judge Zoss concluded that the Commissioner's decision should be reversed and this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits. In the alternative, if this court finds the record does not contain substantial evidence to warrant reversal and remand for payment of benefits, Judge Zoss recommends that the case be remanded for further development of the record regarding Klepper's mental impairment. Neither party filed any objections to the Report and Recommendation.

       The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

> recommendations to which objection is made. A judge of the
> court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In this case, no party made any timely objections to the August 22, 2007, Report and Recommendation, and the deadline for any such objections is now long expired. Therefore, the court will apply only "plain error" review. *Id.* The court finds no "plain error" in Judge Zoss's conclusions that the Commissioner's decisions in this matter should be reversed and this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

THEREFORE, the August 22, 2007, Report and Recommendation (docket no. 13) by Chief United States Magistrate Judge Paul A. Zoss is **accepted**. Consequently, **the Commissioner's decision in this matter is reversed**, and this matter is **remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.**

Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2007.

                                          MARK W. BENNETT
                                          U. S. DISTRICT COURT JUDGE
                                          NORTHERN DISTRICT OF IOWA